**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **KOUNTA OUSMANE**, | No. 3:10-cv-01478-HU |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| **J.E. THOMAS** and **WILLIAM COOLEY**, | |
| Defendants. | |

Kounta Ousmane
12909 Cordory Avenue
Hawthorne
Los Angeles, CA 90250
Telephone: (424) 208-4377

    Plaintiff Pro Se

S. Amanda Marshall
United States Attorney
District of Oregon
Ronald K. Silver
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1044
Facsimile: (503) 727-1117

    Attorneys for Defendants

Page 1 - FINDINGS AND RECOMMENDATION

**HUBEL, J.,**

  Defendants J.E. Thomas ("Warden Thomas") and William Cooley ("Cooley") (collectively, "Defendants") move to dismiss plaintiff Kounta Ousmane's ("Plaintiff") Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Since Defendants' filed their motion to dismiss on December 16, 2011, Plaintiff has filed three notices of change of address with the Court after mail was returned as undeliverable.[1]  However, the order entered by the Court on May 10, 2012, which set a new deadline for Plaintiff to respond to Defendants' motion to dismiss, was not returned as undeliverable.  Plaintiff did not respond to Defendants' motion by the June 1, 2012 deadline and the Court took the matter under advisement on June 15, 2012.  To date, Plaintiff has yet to respond to Defendants' motion.  For the reasons set forth below, Defendants' motion (Docket No. 36) to dismiss should be **GRANTED.**

### *I. BACKGROUND*

  In this *Bivens* action, Plaintiff seeks money damages from two prison officials based on computational errors in the calculation of his sentence.  On November 20, 2008, Plaintiff arrived at FCI Sheridan to begin serving a 24-month sentence for eluding examination and inspection by immigration officers, 8 U.S.C. § 1325(a).[2]  Although the Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas made an initial release

---

[1] Plaintiff also filed a temporary notice of change of address on December 23, 2011.

[2] Plaintiff was sentenced on June 18, 2008.

Page 2 - FINDINGS AND RECOMMENDATION

computation date of January 4, 2009, it continued to finalize its determination as to Plaintiff's release date upon his arrival at FCI Sheridan. This task was made all the more complicated by the fact that (1) Plaintiff had used approximately 28 aliases and nicknames during the course of his criminal career; and (2) Plaintiff had been convicted and served time for several state criminal offenses. On December 3, 2008, the DSCC learned that Plaintiff was entitled to additional credit for time served in Marion County, Oregon. It was therefore concluded that Plaintiff's sentence could have been satisfied on September 20, 2008, because the amount of prior custody credit exceeded the sentence imposed. The very next day, Plaintiff was released from the Bureau of Prisons' ("BOP") custody directly into the custody of the Immigration and Customs Enforcement Agency ("ICE") because he was subject to a detainer. This suit followed in December 2010.

## *II. LEGAL STANDARD*

A court may dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court must accept all of the claimant's material factual allegations as true and view all facts in the light most favorable to the claimant. *Reynolds v. Giusto*, No. 08-CV-6261, 2009 WL 2523727, at *1 (D. Or. Aug. 18, 2009). The Supreme Court addressed the proper pleading standard under Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and its basis:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id.* at 555 (brackets omitted).

Since *Twombly*, the Supreme Court has clarified that the pleading standard announced therein is generally applicable to cases governed by the Rules, not only to those cases involving antitrust allegations. *Ashcroft v. Iqbal*,---U.S.---, 129 S. Ct. 1937, 1949 (2009). The *Iqbal* court explained that *Twombly* was guided by two specific principles. First, although the court must accept as true all facts asserted in a pleading, it need not accept as true any legal conclusion set forth in a pleading. *Id*. Second, the complaint must set forth facts supporting a plausible claim for relief and not merely a possible claim for relief. *Id*. The court instructed that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). The court concluded: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

The Ninth Circuit further explained the *Twombly-Iqbal* standard in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). The *Moss* court reaffirmed the *Iqbal* holding that a "claim has facial

Page 4 - FINDINGS AND RECOMMENDATION

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at 1949). The court in *Moss* concluded by stating: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

### ***III. DISCUSSION***

In his Fourth Amended Complaint, Plaintiff alleges that upon arriving at FCI Sheridan in November 2008, he informed Cooley that his sentenced had been miscalculated because it did not account for all of his prior custody credit. On November 28, 2008, after Plaintiff attempted to resolve his complaint through his correctional counselor and submitted a request for administrative remedy, he provided Cooley with the necessary dates to determine whether Plaintiff was entitled to any further prior custody credit. According to Plaintiff, "[a]fter he presented . . . Mr. Cooley [the] evidence . . . Warden [Thomas] ordered immediate released [sic] on Dec. 4th." (Fourth Am. Compl. at 2.)

In *Haygood v. Younger*, 769 F.2d 1350 (9th Cir.1985), the Ninth Circuit recognized that "[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest." *Id.* at 1354. However,

> a prison official cannot be found liable under the Eighth Amendment on the basis of deliberate indifference 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

Page 5 - FINDINGS AND RECOMMENDATION

>     substantial risk of serious harm exists, and he must also
>     draw the inference.'

*Davis v. Oregon*, No. 07-635-AC, 2010 WL 3259924, at *2 (D. Or. Aug. 16, 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Similarly, "if a prisoner raises factual questions about the calculation of his sentence, and the prison officials do nothing, or only go through the bare form of a response with no investigation -- in one court's formulation, if they 'sit on [their] duff and [don't] do anything' -- then the effective denial of any meaningful opportunity to be heard can amount to a denial of due process." *Davis,* 2010 WL 3259924, at *3 (quoting *Alexander v. Perrill*, 916 F.2d 1392, 1395 (9th Cir. 1990)).

In this case, I conclude Plaintiff's allegations fail to go beyond the plausibility standard set forth in *Iqbal*. When faced with the possibility that a mistake was made, Defendants attempted to determine whether Plaintiff's claim was meritorious and had Plaintiff released from BOP custody immediately. In fact, in his Fourth Amended Complaint, he acknowledges only spending two weeks at FCI Sheridan. Considering the number of aliases and nicknames Plaintiff used over the course of his criminal career, this is not deliberate indifference, nor does it amount to a denial of due process.

### *IV. CONCLUSION*

For the foregoing reasons, Defendants' motion (Docket No. 36) to dismiss should be **GRANTED**.

### *V. SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **September 17, 2012.** If no

Page 6 - FINDINGS AND RECOMMENDATION

objections are filed, then the Findings and Recommendation will go under advisement on that date.  If objections are filed, then a response is due **October 4, 2012**. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 30th day of August , 2012.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION